# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES PEREZ<br><br>Petitioner,<br><br>vs.<br><br>1621 ROUTE 22 WEST OPERATING, LLC d/b/a CAREONE AT SOMERSET VALLEY; MATTHEW ORILLAZA; DANIEL STRAUS; MOSHAEL STRAUS; THCI OF NEW JERSEY LLC,<br><br>Respondents. | CIVIL ACTION NO.<br><br>COMPLAINT and<br>DEMAND FOR JURY |

Plaintiff, James Perez, by and through his undersigned counsel, bring this Complaint against Defendants 1621 Route 22 West Operating, LLC d/b/a CareOne at Somerset Valley (hereinafter referred to as "Defendant" and/or "CareOne"), Mattew Orillaza, Daniel Straus, Moshael Straus, and THCI of New Jersey LLC, and in support thereof, alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff invokes federal diversity jurisdiction pursuant to 28 U.S. Code § 1332(a)(1) because this matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

2. Venue is appropriately laid in the District of New Jersey pursuant to 28 U.S.C. § 1391(b) because Defendant CareOne resides in this judicial district and all claims asserted arose in this judicial district.

## PARTIES

3. Plaintiff James Perez is an adult individual and citizen of the Commonwealth of Pennsylvania, residing in the City of Allentown in the County of Lehigh.

4. Defendant CareOne is a licensed long-term care facility located at 161 Route 22 West, Bound Brook, NJ 08805, and organized and existing pursuant to the laws of the State of New Jersey.

5. At all times material hereto, Defendant CareOne was a licensed Skilled Nursing Facility, also known as a Nursing Home, subject to N.J.S.A. 30:13.1 *et seq.*, which incorporates both the State Regulations found at N.J.A.C. 8:39 and N.J.A.C. 8:36, as well as the Federal Regulations located at 42 C.F.R. § 483.1 *et seq.*

6. At all times material hereto, Defendant CareOne acted by and through its employees, and/or actual or apparent agents working within the course and scope of their agency and employment with CareOne in furtherance of CareOne's business.

7. To be issued a license to operate a long-term care facility, the names and officers and/or members must be identified for liability purposes. According to information obtained from the New Jersey Department of Health, Defendant CareOne was issued license number 061810, its officers are Defendants Daniel Straus, Moshael Straus, and THCI of New Jersey LLC, and its administrator is Defendant Matthew Orillaza.

8. Defendant Matthew Orillaza is an administrator of CareOne at Somerset Valley. Defendant Orillaza is an adult individual and resident of Somerset, New Jersey.

9. Defendant Daniel Straus is an officer of CareOne at Somerset Valley. Defendant Daniel Straus is an adult individual and resident of Englewood, New Jersey.

10. Defendant Moshael Straus is an officer of CareOne at Somerset Valley. Defendant Moshael Straus is an adult individual and resident of Englewood, New Jersey.

11. Defendant TCHI of New Jersey LLC is an officer of CareOne at Somerset Valley. Defendant is a limited liability company with a principal place of business located in Bound Brook, New Jersey.

## FACTUAL BACKGROUND

12. Plaintiff James Perez was admitted to CareOne on July 16, 2022, for orthopedic and surgical aftercare following discharge from Robert Wood Johnson University Hospital ("RWJUH"), where he received treatment, including surgical treatment, for injuries resulting from a motor vehicle accident.

13. The estimated length of Plaintiff's stay at CareOne was two to three weeks.

14. While at CareOne, Plaintiff received treatment by nurses, aids, physicians, and other employees or apparent and/or ostensible agents of CareOne working within the course and scope of their agency and employment with CareOne, and in furtherance of CareOne's business.

15. Plaintiff's surgical treatment included external fixations of his left lower extremity through the placement of hardware, including surgical rods. As a result, Plaintiff experienced severe pain and was at an increased risk for infection. The external fixator and wound site must be kept meticulously clean and wound dressings regularly changed to prevent infection.

16. Defendant CareOne, by and through its employees, agents, apparent employees and agents, and ostensible employees and agents, failed to develop a wound care plan for Plaintiff, upon his admission to CareOne, despite Plaintiff's obvious need for proper and timely wound care.

17. Though Plaintiff was admitted to CareOne for surgical aftercare and wound care on July 16, 2022, a wound care plan was not implemented and effectuated until July 19, 2022.

18. Defendant CareOne failed to have a sufficient number of staff during the majority of Plaintiff's residency. From July 10, 2022 to July 23, 2022, CareOne was deficient in staffing of

Certified Nursing Assistants ("CNA") during thirteen of the fourteen day shifts during the two-week period.

19. On July 26, 2022, Plaintiff had a follow-up visit with his orthopedic surgeon, Dr. Justin Fleming. Dr. Fleming immediately identified infection in Plaintiff's left lower extremity wound and ordered Plaintiff's transfer to RWJUH.

20. Plaintiff was transported via ambulance to Robert Wood Johnson University Hospital and admitted on July 26, 2022, where he underwent numerous treatments and procedures to treat the infection. Plaintiff was discharged from RWJUH on August 6, 2022.

21. Following his discharge from RWJUH, Plaintiff was transferred to Complete Care at Park Place Center for further infection treatment and rehabilitation. Plaintiff was discharged from Complete Care on October 20, 2022.

22. Defendant CareOne, by and through its employees, agents, apparent employees and agents, and ostensible employees and agents, failed to conduct a thorough and accurate evaluation of Plaintiff's left lower extremity wound and, as a result, CareOne failed to implement an adequate and proper wound care plan to prevent infection.

23. Defendant CareOne, by and through its employees, agents, apparent employees and agents, and ostensible employees and agents, failed to communicate with Plaintiff's orthopedic surgeon and other medical providers and, as a result, CareOne failed to implement an adequate and proper wound care plan to prevent infection.

24. Defendant CareOne, by and through its employees, agents, apparent employees and agents, and ostensible employees and agents, failed to timely implement the wound care plan as ordered by Plaintiff's physicians, and as a result, Plaintiff received inadequate and improper wound care.

25. Defendant CareOne, by and through its employees, agents, apparent employees and agents, and ostensible employees and agents, failed to report evidence of infection in Plaintiff, such as purulent drainage, swelling, and increased pain, resulting in a delay in diagnosis and treatment of infection.

26. As a direct and proximate result of the negligent conduct of Defendant CareOne, Plaintiff James Perez suffered injuries and damages, including severe infection, undergoing additional surgeries and treatment, medical and hospital expenses, increased risk of further injuries and infections, and severe emotional distress.

27. It is alleged that all Defendant CareOne has liability for all the natural and proximate injuries that flow from the negligent care provided to Plaintiff while a resident at CareOne, including the consequences of medical treatment for injuries caused by the negligent treatment provided to him at CareOne.

28. In addition to being directly liable for the wrongful acts detailed within this complaint, Plaintiff pleads in the alternative that all Defendant(s) including corporate defendants, owners and management companies are also indirectly liable and responsible for each and every act and omission stated herein and the resulting damages. More specifically, Defendant(s) are indirectly liable and responsible for the wrongful conduct detailed herein under one or more of the following alternative legal theories:

> **A.** *Alter ego*: At all times material to this lawsuit all Defendant(s) were alter egos of one another. Furthermore, Defendant CareOne was a subsidiary and/or the alter ego of other defendants and owners. Defendant CareOne was a mere conduit for which the other defendants and owners did business and the management and operations of Defendant CareOne were so assimilated with the other defendants/owners that Defendant CareOne was simply a name through which the other defendants/owners conducted their business. Moreover, the defendants represented to the public that CareOne was part of one single economic enterprise. The other defendants/owners dominated and controlled the business affairs of CareOne such that

> CareOne was organized and operated as a mere tool of the other defendants. Any assertions by the other defendants that each was a separate corporation with an independent and separate existence is nothing more than a sham and part of a scheme to perpetrate a fraud, promote injustice and evade existing legal and fiduciary obligations.
>
> **B.** *Agency*: At all times material to this lawsuit all defendants acted as agents for one another and ratified or authorized the acts or omissions of one of more of the other defendants. The total defendants also held themselves out as being one unified enterprise and operation known as CareOne.
>
> **C.** *Joint Enterprise*: In the alternative to the extent that the corporate defendants/owners are found to be separate corporate entities the defendants each remain liable for the acts and omissions of each other because the corporate defendants/owners engaged in a joint venture and enterprise to act in concert in the operation, management, and maintenance of the nursing home. The corporate defendants/owners agreed to a common purpose of operating, managing and maintaining the nursing home. The corporate defendants/owners had equal rights to control their venture as a whole, as well as to control the operation and management of the nursing home and the indirect and direct owners' profit therefrom.

29. It is alleged that all negligent acts attributed to any of the defendants shall be attributed to all the defendants based on the mechanism of decision making at CareOne as well as the application of agency principles.

30. It is further alleged that all named defendants also have direct liability based upon decision making including budgeting, staffing, supervision, policies, and procedures, at CareOne.

31. Defendants were not, and are not, state employees entitled to immunity under the New Jersey Tort Claims Act, or any other immunity from liability.

## COUNT I
## GENERAL NEGLIGENCE
*Plaintiff v. All Defendants*

32. Plaintiff repeats the preceding paragraphs and allegations as if same were set forth herein at length.

33. The provisions of the Omnibus Budget Reconciliation Act of 1987 ("OBRA") were applicable with regard to the Plaintiff's condition as it existed in or around March through May of 2022.

34. Defendant CareOne held itself out as a specialist in the field of long-term adult care and rehabilitation with the expertise and personnel necessary to maintain the health and safety of persons unable to care adequately for themselves.

35. At all times pertinent hereto, Plaintiff was a resident of Defendant CareOne pursuant to the terms of the applicable admission agreement and, as such, was under the exclusive care and control of the Defendants and their agents, officers, servants, and/or employees.

36. Defendants were under a contractual duty to provide reasonable and adequate health care, nursing care, treatment, and rehabilitation to Plaintiff consistent with existing community standards.

37. Defendant CareOne, its agents, officers, servants, and/or employees failed, refused, and/or neglected to perform the duties to provide reasonable and adequate health care, nursing care, treatment, and rehabilitation to and for Plaintiff, who was unable to attend to his own health and safety.

38. The negligence of the Defendants included but was not limited to, the following:

   a) permitting inadequate and false charting of Plaintiff's medical records;

   b) condoning inadequate and false charting of Plaintiff's medical records;

   c) failure to take necessary and proper precautions to prevent Plaintiff from developing infection;

   d) failing to adequately treat Plaintiff's wounds knowing that he was at risk for infection;

   e) failing to implement, enact, and/or adhere to a proper wound care plan for Plaintiff to prevent him from developing infection;

   f)  failure to properly evaluate Plaintiff's symptoms and medical history;

   g)  failure to hire and/or schedule a sufficient number of trained and competent staff;

   h)  failure to discharge employees when the facility knew or should have known of the employee's propensity for negligent care of residents, such as Plaintiff;

   i)  violating New Jersey Statutes, New Jersey Administrative Regulations, and OBRA Regulations;

   j)  failure to implement an adequate plan of care;

   k)  failure to adhere to a plan of care;

   l)  failure to properly train employees to care for residents who are unable to care for themselves;

   m)  failure to properly train employees to recognize medical conditions/risks which led to the Plaintiff's injuries;

   n)  allowing untrained individuals to provide care to the Plaintiff;

   o)  failure to notify supervisors of the on-call physician's failure to properly care for Plaintiff, as required by regulations in effect at the relevant time;

   p)  failure to implement, enact, and/or enforce policies and procedures related to infections and infection prevention;

   q)  failure to timely act on provider's orders;

   r)  failure to timely and properly respond to and treat Plaintiff's injury.

  39. Defendants owed a duty of care to Plaintiff and breached said duty to Plaintiff's great detriment.

  40. As a direct and proximate result of the negligence of the Defendants, their agents, officers, servants, and/or employees, Plaintiff was caused to sustain serious and permanent

personal injuries, endure great physical pain and mental anguish, and become liable for extensive expenses for medical care and treatment.

## COUNT II
## DEVIATION FROM THE STANDARD OF CARE AND GROSS NEGLECT
*Plaintiff v. All Defendants*

41. Plaintiff repeats the preceding paragraphs and allegations as if same were set forth herein at length.

42. At all relevant times hereto, Defendants knew or should have known that their vulnerable residents, including Plaintiff, were in need of particular care and supervision.

43. Defendants failed to exercise adequate care in the supervision of their vulnerable and/or disabled residents, including Plaintiff, to whom they owed such a duty.

44. Defendants' failure to exercise such care rises to the level of gross neglect and voluntary disregard of the need to exercise due care.

45. As a direct and proximate result of the carelessness, recklessness, and gross negligence of the Defendants, Plaintiff was caused to sustain serious and permanent personal injuries, endure great physical pain and mental anguish, and become liable for extensive expenses for medical care and treatment.

## COUNT III
## NEGLIGENT HIRING, SUPERVISION, AND TRAINING
*Plaintiff v. All Defendants*

46. Plaintiff repeats the preceding paragraphs and allegations as if same were set forth herein at length.

47. Defendants are responsible for hiring competent doctors, nurses, supervisors, managers, nurses, and any other personnel necessary to oversee and monitor the treatment and supervision of their residents at CareOne, including Plaintiff.

48. Defendants are also responsible for supervising and training their employees to ensure their fitness and competence for their position, and to ensure the adequate achievement of their employment duties.

49. It was reasonably foreseeable to Defendants that their failure to hire, supervise, and train competent personnel could result in injuries to third parties, including Plaintiff.

50. Defendants failed to hire competent doctors, nurses, supervisors, managers, and other personnel at CareOne failed and/or failed to supervise and/or train personnel at CareOne, resulting in adequate care and treatment, and injury to Plaintiff.

51. Defendants are directly liable for their negligence in the hiring, supervision, and training of personnel at CareOne.

52. As a direct and proximate result of the negligence of the Defendants, their agents, officers, servants, and/or employees, Plaintiff was caused to sustain serious and permanent personal injuries, endure great physical pain and mental anguish, and become liable for extensive expenses for medical care and treatment.

## COUNT IV
## RESIDENT RIGHTS VIOLATIONS
*Plaintiff v. All Defendants*

53. Plaintiff repeats the preceding paragraphs and allegations as if same were set forth herein at length.

54. During the entire period of Plaintiff's residency at CareOne, Defendants were subject to N.J.S.A. 30:13 regarding the responsibilities and rights in skilled nursing facilities. Based on the foregoing allegations, Defendants breached the following statutes in their actions towards Plaintiff:

   1) N.J.S.A. § 30:13-3(c): Admitting only that number of residents for which it reasonably believes it can safely and adequately provide nursing care;

2) N.J.S.A. § 30:13-3(h): Ensuring compliance with all applicable State and federal statutes and rules and regulations;

3) N.J.S.A. § 30:13-5(j): Have the right to a safe and decent living environment and considerate and respectful care that recognizes the dignity and individuality of the resident, including the right to expect and receive appropriate assessment, management and treatment of pain as an integral component of that person's care consistent with sound nursing and medical practices;

4) N.J.S.A. § 30:13-5(m): Not be deprived of any constitutional, civil or legal right solely by reason of admission to a nursing home.

55. As a direct and proximate result of the aforesaid statutory violations by Defendants, their agents, officers, servants, and/or employees, Plaintiff was caused to sustain serious and permanent personal injuries, endure great physical pain and mental anguish, and become liable for extensive expenses for medical care and treatment.

## COUNT V
## RESPONDEAT SUPERIOR
*Plaintiff v. All Defendants*

56. Plaintiff repeats the preceding paragraphs and allegations as if same were set forth herein at length.

57. Plaintiffs repeat the preceding paragraphs and allegations as if same were set forth herein at length.

58. At all relevant times hereto, Defendants were acting through their agents, servants, and/or employees acting within the course and scope of their employment.

59. Defendants failed to exercise adequate care in the treatment and supervision of their elderly and/or disabled residents, including Plaintiff, to whom they owed such a duty.

60. As a direct and proximate result of the carelessness, recklessness, and negligence of the Defendants, Plaintiff was caused to sustain serious and permanent personal injuries, endure

great physical pain and mental anguish, and become liable for extensive expenses for medical care and treatment.

**WHEREFORE**, Plaintiff James Perez demand judgment against Defendants 1621 Route 22 West Operating, LLC d/b/a CareOne at Somerset Valley, Mattew Orillaza, Daniel Straus, Moshael Straus, and THCI of New Jersey LLC, individually, jointly, severally, and in the alternative, as follows:

1) Compensatory damages in the amount of $500,000.00;
2) Attorney's fess and costs of this action;
3) Such other relief as the court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of this action.

## TRIAL ATTORNEY DESIGNATION

Michael A. Galpern is hereby designated as trial attorney.

JAVERBAUM WURGAFT HICKS
KAHN WIKSTROM & SININS, P.C.

BY: _____
**MICHAEL A. GALPERN, ESQ.**
**LAUREN C. GOODFELLOW, ESQ.**

1000 Haddonfield-Berlin Road, Ste. 203
Voorhees, NJ 08043
mgalpern@lawjw.com
lgoodfellow@lawjw.com
T: (856) 596-4100
F: (856) 702-6640

*Attorneys for Plaintiff, James Perez*