**COCCA & CUTINELLO, LLP**
**The Point at Morristown**
**36 Cattano Ave., Suite 600**
**Morristown, NJ 07960**
**Telephone 973-828-9000; Fax 973-828-9999**
Attorneys for Defendants/Third Party Plaintiffs
1621 Route 22 West Operating Company, LLC d/b/a Care One at Somerset Valley,
Matthew Orillaza; Daniel Straus, Moshael Straus and THCI of New Jersey, LLC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JAMES PEREZ,<br>Plaintiff,<br>v.<br>1621 ROUTE 22 WEST OPERATING, LLC d/b/a CAREONE AT SOMERSET VALLEY, MATTHEW ORILLAZA, DANIEL STRAUS, MOSHAEL STRAUS, THCI OF NEW JERSEY, LLC,<br>Defendants.<br>**-AND-**<br>1621 ROUTE 22 WEST OPERATING, LLC d/b/a CAREONE AT SOMERSET VALLEY, MATTHEW ORILLAZA, DANIEL STRAUS, MOSHAEL STRAUS, THCI OF NEW JERSEY, LLC,<br>Third Party Plaintiffs,<br>v.<br>KARLA N. BERRIOS-CONTRERAS, JUANA CONTRERAS, JOHN DOES 1-10 and ABC CORPS. 1-10 (fictitious names),<br>Third Party Defendants. | Civil Action No.: 3:24-CV-7603<br><br>**THIRD PARTY COMPLAINT** |

Third party plaintiffs 1621 Route 22 West Operating Company, LLC d/b/a Care One at Somerset Valley ("Care One at Somerset Valley"), Matthew Orillaza; Daniel Straus, Moshael Straus and THCI of New Jersey, LLC (collectively, "Care One"), by way of complaint against

third party defendants Karla N. Berrios-Contreras, Juana Contreras, JOHN Does 1-10 and ABC Corps. 1-10 (fictitious names) say:

**FIRST COUNT**

1. Plaintiff James Perez alleges nursing negligence and associated claims against Care One arising from the care and treatment provided to him during a July 16 to 26, 2022 admission to Care One at Somerset Valley, for care following a hospitalization for injuries incurred in a motor vehicle accident that occurred on June 9, 2022, in New Brunswick, New Jersey.

2. At all relevant times, third party defendant Karla N. Berrios-Contreras was the operator of a Lexus RX, bearing New Jersey license plate number K30-ESX, registered in the State of New Jersey.

3. At approximately 8:30 a.m. on June 9, 2022, third party defendant Karla N. Berrios-Contreras was waiting at a stop sign on Townsend Street heading towards Livingston Avenue from Lee Avenue in New Brunswick, New Jersey. There was traffic on Livingston Avenue and it was difficult to see. She thought she was clear to move forward, but when she did so, the vehicle she was operating collided with James Perez's motorcycle.

4. Third party defendant Karla N. Berrios-Contreras advised the responding police that she never saw plaintiff James Perez's motorcycle coming until the vehicle collided with his motorcycle. As a result of the collision, however, she saw plaintiff James Perez fly off his motorcycle and land on the sidewalk in front of the entrance steps of 111 Livingston Avenue.

5. Third party defendant Karla N. Berrios-Contreras' acts and omissions were reckless, careless, and negligent in the disregard of the rights and safety of plaintiff James Perez.

6. As a direct and proximate result of third party defendant Karla N. Berios-Contreras' acts and omissions, plaintiff James Perez was seriously injured and suffered

immediate and permanent injuries, which demanded medical treatment and will continue to need medical care and treatment into the future.

7. Plaintiff James Perez thus initially was injured due to the negligence of the other driver involved in the motor vehicle accident, third party defendant Karla N. Berrios-Contreras.

8. If Care One should be found liable to plaintiff James Perez, which liability is denied, Care One asserts that third-party defendant Karla N. Berrios-Contreras is a joint tortfeasor with respect to any loss, liability, and expense on account of plaintiff's demand for judgment.

9. If Care One should be found liable to plaintiff James Perez, which liability is denied, Care One's liability will be secondary, passive, technical, vicarious, or imputed to that of third-party defendant Karla N. Berrios-Contreras' primary, active and direct liability.

**WHEREFORE,** defendants/third party plaintiffs Care One demand a judgment against third party defendant Karla N. Berrios-Contreras for indemnification in full, restitution, contribution and apportionment of liability with respect to any damages which may be reserved against defendants/third party plaintiffs Care One together with costs of suit and attorneys' fees and such other relief as the Court may deem just and proper.

## SECOND COUNT

10. Defendants/third party plaintiffs Care One repeat and reallege the prior paragraphs as if they were set forth more fully herein.

11. At all relevant times, third party defendant Juana Contreras was the owner of a Lexus RX, bearing New Jersey license plate number K30-ESX, registered in the State of New Jersey, operated by third party defendant Karla N. Berrios-Contreras.

12. As the person who owned and controlled the vehicle, third party defendant Juana Contreras owed a duty of care to plaintiff James Perez to not entrust the vehicle to third party

defendant Karla N. Berrios-Contreras, under circumstances creating a reasonably foreseeable risk of harm to others, including but not limited to plaintiff James Perez.

13. On or about the date of the accident occurring on June 6, 2022, in breach of her duty to the plaintiff, third party defendant Juana Contreras, turned over the vehicle, a Lexus RX, bearing New Jersey license plate number K30-ESX, registered in the State of New Jersey, to third party defendant Karla N. Berrios-Contreras, under circumstances which created a reasonably foreseeable risk of harm to plaintiff James Perez.

14. The acts and omissions of third party defendant Juana Contreras in connection with the entrustment of the vehicle were reckless, careless, and negligent in the disregard of the rights and safety of plaintiff James Perez.

15. As a direct and proximate result of third party defendant Juana Contrera's negligent acts and omissions in connection with the entrustment of the vehicle to third party defendant Karla N. Berrios-Contreras, plaintiff James Perez was seriously injured, suffering immediate and permanent injuries, which demanded medical treatment and he will continue to need medical care and treatment into the future.

16. As a direct and proximate result of third party defendant Karla N. Berios-Contreras' acts and omissions, plaintiff James Perez was seriously injured and suffered immediate and permanent injuries, which demanded medical treatment and will continue to need medical care and treatment into the future.

17. Plaintiff James Perez thus initially was injured due to the negligence of the owner of the other vehicle involved in the motor vehicle accident, third party defendant Juana Contreras.

18. If Care One should be found liable to plaintiff James Perez, which liability is denied, Care One asserts that third-party defendant Juana Contreras is a joint tortfeasor with respect to any loss, liability, and expense on account of plaintiff's demand for judgment.

19. If Care One should be found liable to plaintiff James Perez, which liability is denied, Care One's liability will be secondary, passive, technical, vicarious, or imputed to that of third-party defendant Juana Contreras' primary, active and direct liability.

**WHEREFORE,** defendants/third party plaintiffs Care One demand a judgment against third party defendant Juna Contreras for indemnification in full, restitution, contribution and apportionment of liability with respect to any damages which may be reserved against defendants/third party plaintiffs Care One together with costs of suit and attorneys' fees and such other relief as the Court may deem just and proper.

**THIRD COUNT**

20. Defendants/third party plaintiffs Care One repeat and reallege the prior paragraphs as if they were set forth more fully herein.

21. At all times pertinent hereto, third party defendants JOHN DOES (1-10) and ABC CORPS. (1-10) were operators of other motor vehicles which were causally involved in the accident occurring on or about June 6, 2022.

22. At all times pertinent hereto, third party defendants, JOHN DOES (1-10) and ABC CORPS. (1-10) were owners of other motor vehicles which were causally involved in the accident occurring on or about June 6, 2022.

23. As a direct and proximate result of third party defendants JOHN DOES (1-10) and ABC CORPS. (1-10)'s acts and omissions, plaintiff James Perez was seriously injured, suffering immediate and permanent injuries, which demanded medical treatment and will continue to need medical care and treatment into the future.

24. Plaintiff James Perez thus initially was injured due to the negligence of third party defendants JOHN DOES (1-10) and ABC CORPS. (1-10), the owners and/or operators of other vehicles involved in the motor vehicle accident that occurred on or about June 6, 2022.

25. If Care One should be found liable to plaintiff James Perez, which liability is denied, Care One asserts that third-party defendant Juana Contreras is a joint tortfeasor with respect to any loss, liability, and expense on account of plaintiff's demand for judgment.

26. If Care One should be found liable to plaintiff James Perez, which liability is denied, Care One's liability will be secondary, passive, technical, vicarious, or imputed to that of third-party defendants JOHN DOES (1-10) and ABC CORPS. (1-10)'s primary, active and direct liability.

**WHEREFORE,** defendants/third party plaintiffs Care One demand a judgment against third party defendants JOHN DOES (1-10) and ABC CORPS. (1-10) for indemnification in full, restitution, contribution and apportionment of liability with respect to any damages which may be reserved against defendants/third party plaintiffs Care One together with costs of suit and attorneys' fees and such other relief as the Court may deem just and proper.

## JURY DEMAND

Care One hereby demands a trial by jury on all issues herein.

## DEMAND FOR INSURANCE INFORMATION

Pursuant to R. 4:l0-2(b) demand is hereby made that third party defendants disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

**DEMAND FOR INTERROGATORIES**

In compliance with R. 4:17-2 and pursuant to R. 4:17-1, defendants/third party plaintiffs hereby demand that third party defendants answer Form C and Form C(3) Uniform Interrogatories within the time prescribed by the Rules of Court (thirty days). Defendants/third party plaintiffs will supplement this request under separate cover.

**DESIGNATION OF TRIAL COUNSEL**

Defendants/third party plaintiffs Care One hereby designates Anthony Cocca, Esq., of Cocca & Cutinello, LLP as trial counsel.

**CERTIFICATION**

Pursuant to R. 4:5-1, I hereby certify that there are no pending matters that concern the subject matter of the instant case. It is not anticipated at this time that there is any other party who should be joined in this action.

**COCCA & CUTINELLO, LLP**
Attorneys for Defendants/Third Party Plaintiffs 1621 Route 22 West Operating Company, LLC d/b/a Care One at Somerset Valley, Matthew Orillaza, Daniel Straus, Moshael Straus, THCI of New Jersey, LLC

Dated: July 13, 2026

By ______________________________
Anthony Cocca, Esq.